IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMIE WOODS, #N3048                                                            PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 5:13-cv-18-DCB-MTP

R. BYD[1], Warden of Wilkinson County Correctional Facility          DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This cause comes before this Court, *sua sponte*.  On February 8, 2013, the plaintiff filed

the instant complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  The

Court entered an order [7] on April 4, 2013, directing the plaintiff to file on or before April 26,

2013, a written response and provide additional information concerning his complaint.  Even

though the plaintiff was warned in the order [7] entered on April 4, 2013, as well as the previous

order [3], that failure to comply or failure to advise the Court of a change of address could result

in the dismissal of the instant civil action, the plaintiff did not comply.

When the plaintiff did not comply, the Court entered an order to show cause [8] on May

16, 2013.  The plaintiff was directed in the order to show cause [8] to respond in writing on or

before June 7, 2013, and comply with the order [7] entered on April 4, 2013.  The plaintiff was

warned once again in the order to show cause [8] that failure to comply with this Court's order or

failure to advise of a change of address could result in the instant civil action being dismissed.

Again, the plaintiff did not comply.

Since the plaintiff is proceeding *pro se*, he was provided one final opportunity to comply

---

[1]The Court finds that the plaintiff refers to Defendant Warden "Byrd" in his pleadings.  The Court takes notice that the correct spelling of the Warden's name is "Byd," as provided by the Mississippi Department of Corrections website.  This order refers to the defendant with the correct spelling of his name.

with the Court's orders prior to the summary dismissal of this case.  On June 25, 2013, the Court entered a Second and Final Order to Show Cause [9].  Plaintiff was directed to show cause, on or before July 17, 2013, why this case should not be dismissed for his failure to comply with the Court's prior orders.  In addition, Plaintiff was directed to comply with the previous orders by filing his written response on or before July 17, 2013.  Consistent with the prior orders, the June 25, 2013 order [9] warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint without further notice.  Plaintiff has not complied with the Second and Final Order to Show Cause [9].

The plaintiff was warned in a notice of assignment from the Clerk and all of the above-mentioned orders that his failure to keep this Court advised of his current address could result in the dismissal of this action.  The orders were mailed to the plaintiff at his last known address. According to the docket entries, the plaintiff apparently received the orders because the envelopes containing the orders of this Court and addressed to the plaintiff at his last known address have not been returned to this Court.

The plaintiff has failed to comply with three orders [7, 8, 9], and he has not contacted the Court since March 18, 2013.  The Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link,* 370 U.S. at 630.  Such a "sanction is necessary in

order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). The Court concludes that dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because plaintiff did not prosecute and did not comply with the orders of the Court. *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on inmate's failure to comply with a court order). Additionally, because the defendant has not been called on to respond to the plaintiff's pleading, and the Court has not considered the merits of the plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the  21st   day of August, 2013.


 s/David Bramlette_____
UNITED STATES DISTRICT JUDGE